IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

VON EPPERSON,                                )
Register No. 342406,                         )
                                             )
                    Plaintiff,               )
                                             )
          v.                                 )          No. 05-4063-CV-C-NKL
                                             )
MISSOURI PUBLIC DEFENDER                     )
ELIZABETH IRVINE,                            )
                                             )
                    Defendant.               )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under
the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute,
28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge
for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named
defendant is Missouri Public Defender Elizabeth Irvine. Plaintiff alleges that due to
defendant Irvine's ineffective assistance of counsel, he was wrongly sentenced and confined.
Plaintiff states he is not attacking his sentence, but rather, the constitutionality of how his
sentence was reached.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28
U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will
grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison
Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a
complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious,
or fails to state a claim under which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally,
under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on
any of these grounds, the court must deny leave to proceed under section 1915(a). The only

exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Although plaintiff is granted provisional leave to proceed in forma pauperis based upon his indigent status, his claims should be dismissed for failure to state a claim under 42 U.S.C. § 1983.

Title 42 U.S.C. § 1983 provides a cause of action for deprivation of constitutional rights only when a person is acting under color of state law.  A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Accordingly, in the instant case, because plaintiff's allegations against defendant, a public defender for the State of Missouri, are based upon such activities, plaintiff's complaint should be dismissed for failure to state a claim under 42 U.S.C. § 1983.

Additionally, plaintiff's claims should be dismissed because judgment in favor of plaintiff would "necessarily imply the invalidity of his conviction or sentence."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Simmons v. O'Brien*, 77 F.3d 1093 (8th Cir. 1996).  When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels.  *Heck*, 512 U.S. at 486-87.  Plaintiff's first cause of action is not ripe until his underlying conviction or sentence has been set aside.

Likewise, where a state prisoner seeks damages and declaratory relief in an action challenging the validity of procedures used to deprive him of good-time credits or which otherwise affect his out-date, and the challenge to the procedures necessarily implies that the punishment imposed was invalid (i.e., necessarily implies that the denial of good-time credits was invalid), the claim is not cognizable under 42 U.S.C. § 1983.  *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).  Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies.  28 U.S.C. § 2254(b)(c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Powell v. Wyrick*, 657 F.2d

Case 2:05-cv-04063-NKL   Document 4   Filed 04/11/05   Page 2 of 4

222 (8th Cir. 1981), *cert. denied*, 469 U.S. 1223 (1985).  The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases.  *Fay v. Noia*, 372 U.S. 391 (1963); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976), *cert. denied*, 425 U.S. 915 (1976).

Although plaintiff alleges he is not attacking his sentence, a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, and therefore, plaintiff must first prove the conviction or sentence has been invalidated through appropriate channels before filing a 42 U.S.C. § 1983 civil rights federal lawsuit.

Plaintiff's complaint should be dismissed because he has failed to state a claim, pursuant to 42 U.S.C. § 1983.  Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence.  It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief may be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  If additional time is needed, a motion for an extension of time must be filed within twenty days.  The motion should state the reasons for the request.  *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis.  By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases.  Plaintiff is now warned that the court will collect the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case.  *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's

3

account).  Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 11th day of April, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4