IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| VON EPPERSON, ) | | |
| Register No. 342406, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4063-CV-C-NKL | |
| ) | | |
| MISSOURI PUBLIC DEFENDER ) | | |
| ELIZABETH IRVINE, ) | | |
| ) | | |
| Defendant. ) | | |

## ORDER

On April 11, 2005, the United States Magistrate Judge recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on May 9, 2005. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff's claims that ineffective assistance of legal counsel resulted in him being wrongfully sentenced and confined should be dismissed because judgment in favor of plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Simmons v. O'Brien*, 77 F.3d 1093 (8th Cir. 1996). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first prove the conviction or sentence has been invalidated through appropriate channels. *Heck*, 512 U.S. at 486-87. Plaintiff's first cause of action is not ripe until his underlying conviction or sentence has been set aside.

Likewise, where a state prisoner seeks damages and declaratory relief in an action challenging the validity of procedures used to deprive him of good-time credits or which

otherwise affect his out-date, and the challenge to the procedures necessarily implies that the punishment imposed was invalid (i.e., necessarily implies that the denial of good-time credits was invalid), the claim is not cognizable under 42 U.S.C. § 1983. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

To challenge his state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)(c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981), *cert. denied*, 469 U.S. 1223 (1985). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. *Fay v. Noia*, 372 U.S. 391 (1963); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976), *cert. denied*, 425 U.S. 915 (1976).

Plaintiff's claims should be dismissed, without prejudice. *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995). If plaintiff is able to invalidate his conviction or sentence, he may refile his section 1983 claims at that time.

Plaintiff's motion for preliminary injunction filed June 7, 2005, as to an alleged six-day delay in receipt of legal mail, and allegations of denial of access to courts is denied. Plaintiff has made numerous filings in this case, and has not missed any filing deadlines. Moreover, plaintiff's complaint is being dismissed for failure to state a claim on which relief may be granted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that plaintiff's claims are dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief may be granted [4]. It is further

ORDERED that plaintiff's motion for a preliminary injunction is denied [11].

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: June 14, 2005
Jefferson City, Missouri

3